The order below is hereby signed

Signed: February 28 2014



_____

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
FAIRFAX HOMES, INC.,               )     Case No. 13-00744
                                   )     (Chapter 11)
                Debtor.            )     Not for publication in
                                   )     West's Bankruptcy Reporter.


MEMORANDUM DECISION AND ORDER
AUTHORIZING SALE OF REAL PROPERTY
FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES

The debtor's *Motion to Sell Real Property Free and Clear of All Liens and Encumbrances* is unopposed.  The *Motion* seeks three inappropriate forms of relief.

First, it seeks to have the court direct that funds be disbursed as set forth in a draft HUD-1 form attached to the *Motion*.  Although the court may authorize a sale of property free and clear of all liens, those liens attach to the proceeds of sale with the same amount and priority as against the property that was sold.  Fixing the amount of a lien would require an adversary proceeding.  Fed. R. Bankr. P. 7001.  Nevertheless, it is probably a good bet that the lienors have agreed to the distributions the debtor's *Motion* proposes, and the order

reflects that distributions to lienors may be made as such

lienors agree.

Second, the *Motion* seeks to have the court decree "that the

debtor is exempt from the payment of the conversion fees due to

the conversion of a former rental housing accommodation to

condominium ownership."  The debtor may or may not be right that

the sale is exempt from the payment of such fees.  The issue has

not been briefed.  But Fed. R. Bankr. P. 7001(9) provides that a

declaratory judgment concerning an interest in property should be

sought by adversary proceeding and not via a motion commencing a

contested matter.  *See In re Cogliano*, 355 B.R. 792, 804–05

(B.A.P. 9th Cir. 2006); *In re Eastman Kodak Co.*, 2012 WL 2255719,

at *2 (Bankr. S.D.N.Y June 15, 2012); *In re Aztec Supply Corp.*,

399 B.R. 480 (Bankr. N.D. Ill. 2009).  Even if Rule 7001(9) does

not apply (*i.e.*, if the declaration sought does not relate to

determining an interest in property), there has not been proper

service on the District of Columbia.  Accordingly, this aspect of

the *Motion* must be denied.

Finally, the *Motion* seeks to pay the debtor's fees owed the

United States Trustee out of the sale proceeds.  If all lienors

agree to that, fine.  But unless they do, the proceeds subject to

their liens cannot be used to pay the United States Trustee fees,

an unsecured claim.

It is thus

ORDERED that the *Motion to Sell Real Property Free and Clear of All Liens and Encumbrances* is hereby granted to the extent provided herein, and otherwise denied.  It is further

ORDERED that the debtor in possession is authorized to sell its 17 condominium units located at 103 Missouri Avenue NW, Washington, DC, to Deborah Jones Miller for $2,925,000, pursuant to the contract with Miller, free and clear of all liens and other encumbrances.  It is further

ORDERED that after payment of the usual and customary costs of sale, if all lienors whose liens are not satisfied from the sales proceeds agree:

    (1) United States Trustees Fees may be paid from the
    net proceeds of the sale; and

    (2) the proceeds of the sale may be distributed to each
    lienor in the amount to which the lienor agrees.
It is further

ORDERED that the distribution to any lienor shall not exceed the amount owed the lienor.  It is further

ORDERED that if the lienors fail to agree as to the proper distribution of the net proceeds of sale, the debtor (or closing attorney) shall segregate the proceeds of sale and hold them pending further order of this court.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.